```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

```
SUSAN LANGLEY                   :
                                :
v.                              :   Civil No. WMN-05-2108
                                :
THE PRUDENTIAL INSURANCE        :
COMPANY OF AMERICA              :
```

**MEMORANDUM**

In November 2003, Plaintiff Susan Langley filed suit in this Court challenging the denial of her claim for disability benefits by Defendant The Prudential Insurance Company of America. Civil Action No. WMN-03-3181. This Court remanded the action to Defendant for a re-evaluation of Plaintiff's claim. Id., Paper No. 16. After remand, Defendant issued a determination dated June 8, 2005, finding that Plaintiff is not entitled to disability benefits under the policy. On August 2, 2005, Plaintiff again filed suit in this Court challenging Defendant's June 8, 2005, determination. On June 13, 2006, this Court granted Plaintiff's motion for summary judgment and held that Plaintiff was entitled to reasonable attorney's fees and costs under 29 U.S.C. § 1132(g).

Now before the Court is a motion for attorney's fees filed by Plaintiff. Paper No. 17. Defendant has opposed the motion arguing that the amount of hours for which compensation is sought and the hourly rate are both too high.

First, Defendant complains that Plaintiff wrongly includes the hours spent during the prior litigation (WMN-03-3181) before

this Court.  Defendant reasons that the Court's order in that litigation specifically stated that its concerns did not rise to the level of bad faith and since bad faith is one factor in awarding attorney's fees under § 1132(g), the fee award should be limited to fees accrued during the present action.  In the memorandum regarding WMN-03-3181, the Court noted that while it had "serious concerns about Defendant's decision making process, those concerns [at that time did] not rise to the level of bad faith or clear error."  WMN 03-3181, Paper No. 16 at 13.  The bad faith underlying Defendant's repeated denial of benefits was not fully demonstrated to the Court until Defendant failed to fulfill the directives of the Court's 2003 Order.

   Defendant additionally argues that the fees and costs are limited to the "present" action because the Court's June 2006 Memorandum granted fees and costs "in the present action" and in "this case."  As the context of those statements makes clear, however, the Court was not making a distinction between the 2003 and 2005 actions, but was distinguishing this case from entirely unrelated actions it was discussing.

   The two actions are essentially one and the same and Plaintiff probably could have filed a motion to reopen the "first" action instead of filing a new complaint.  Plaintiff's election not to do so does not mandate that fees only be awarded in the most recent litigation.  Plaintiff will be awarded fees

2

for the total 94 hours spent on the case.

Second, Defendant argues that Plaintiff's counsel's $300 per hour rate should be limited to $200 per hour because Plaintiff has not submitted any affidavits reciting the fees that counsel with similar qualifications have received in comparable cases. Plaintiff asserts that the hourly rate of $300 is his customary fee for like work and is the customary fee for like work prevailing in the community.  The Court notes that the local rule's guidelines regarding hourly rates for lawyers admitted to the bar for more than eight years is $200-$275.  Defendant assumes that Plaintiff's counsel is covered by this category, but chooses the low end of the spectrum due to its lack of knowledge concerning counsel's experience, reputation, and ability in comparison to that of other attorneys.  In weighing the lack of a supporting affidavit with the skill demonstrated in counsel's pleadings, the Court finds an hourly rate of $250 to be reasonable.

Finally, Defendant argues that Plaintiff's request for $330 in expenses should be eliminated because expenses are not encompassed within the terms of the Court's order.  The Court's opinion notes that it is in its discretion under § 1132(g) to award "reasonable attorneys' fees and costs" and the Court found that the situation warranted both.  Thus, $330 in costs will be awarded.

3

For these reasons, Plaintiff's motion for fees will be granted in part.  A separate order consistent with this Memorandum will follow.

                                                             /s/

                                       William M. Nickerson
                                       Senior United States District Judge

Dated: August 9, 2006